Jones _v._ Donald.

_Dawson_ and _Chapman_ for appellee.

---

WILLIAM JONES _v._ ROBERT J. DONALD.

In an action on the case for carrying a slave out of the State, contrary to the statute, (Hutch. Code, 520, § 49,) the damages and amount expended to regain the slave, must be proven.
The value of the slave, or his services, in such a case, should be proven.

IN error from the circuit court of Jasper county; Hon. John Watts, judge.

The opinion of the court contains the facts of the case.

*D. C. Glenn*, for appellant.

The admissions of the defendant below (Jones), were made while under duress, and were clearly erroneous. 1 Greenl. Ev. § 219, &c., and notes.

No counsel for appellee.

Mr. Justice FISHER delivered the opinion of the court.

This was an action on the case commenced in the circuit court, of Jasper county, by the defendant in error, as administrator of the estate of James Donald, deceased, against the plaintiff in error, to recover damages from the latter, for harboring and secreting a slave belonging to the intestate, and for removing said slave out of the State into the State of Alabama. The damages sought to be recovered, consist mainly of sums of money paid out by the administrator in endeavoring to recapture the slave.

The bill of particulars, consisting of various items, shows the sums of about $370 paid out for this purpose. The proof, however, only establishes about $120. The jury found a verdict for $660. A motion for a new trial was made by the counsel of the defendant below, and was overruled by the court. The grounds for the motion are, first, that the damages are excessive; second, that the court erred in not requiring the witness Cook to answer the following questions propounded on cross-examination by the counsel of the defendant. " Had you not used threatening language to the defendant, and forced him to give up his money to witness, before defendant made any confessions?" The counsel for the plaintiff objected to the witness answering the question, and the court sustained the objection.

To sustain the verdict, the plaintiff should have proved damages and sums of money expended amounting to the sum of $330. Hutch. Code, 520, § 49. As we have seen, however, the damages proved amount only to about $120. There is no proof either as to the value of the slave or of his services; for this reason alone, the judgment will have to be reversed.

As to the other point, arising upon the action of the court, in refusing to permit the witness to answer the question, we are

of opinion, that the evidence was proper, and that the witness ought to have answered the question.   The object was to show the particular circumstances under which the confessions of the defendant were made, whether they were voluntary, or the result of force, or fear; in which event they would have been disregarded by the court.

Judgment reversed, and new trial granted.